UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES

VERSUS                                  CRIMINAL ACTION

KENNETH S. DILLEY                       NUMBER 04-75-JJB-SCR


### NOTICE

Please take notice that the attached Magistrate Judge'\'s Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 7, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES

VERSUS                                  CRIMINAL ACTION

KENNETH S. DILLEY                       NUMBER 04-75-JJB-SCR


MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Vacate, Set Aside, or Correct Sentence filed by Kenneth S. Dilley pursuant to 28 U.S.C. § 2255.

Petitioner was found guilty of one count of conspiracy to manufacture, to possess with intent to distribute, and to distribute 500 or more grams of methamphetamine in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count 1), one count of possession with intent to distribute 3,4-methylenedioxymethamphetamine and 50 or more grams methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count 2), one count carrying a firearm during and in the relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count 3), and one count possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count 4). Petitioner was sentenced to 240 months on each of Counts 1 and 2, and 120 months on Count 4, all to be served concurrently to each other. As to Count 3, the petitioner was sentenced to serve 60 months

1

imprisonment, consecutive to the terms imposed on Counts 1, 2 and 4, resulting in a total of 300 months.  Judgment was imposed on August 4, 2005.[1]  On August 12, 2005, petitioner appealed his conviction.  On March 2, 2007, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court and on March 26, 2007, it issued its mandate.  *United States v. Dilley*, 480 F.3d 747 (5th Cir. 2007).  Petitioner sought review by the United States Supreme Court.  On October 1, 2007, the United States Supreme Court denied review.  *Dilley v. United States*, 128 S.Ct. 139 (2007).

Petitioner's § 2255 motion was filed timely.  No evidentiary hearing is required.

There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S.Ct. 468, 470-71 (1962).

Petitioner raised a single claim for relief in his § 2255 motion: he was denied effective assistance of counsel at trial and

---

[1] The judgment was signed August 10, 2005.  Record document number 129.

2

on appeal.

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

The Sixth Amendment also entitles a criminal defendant to effective assistance of counsel on direct appeal. *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A claim of ineffective assistance based on the failure to argue an issue on appeal is governed by the two-part *Strickland* test. *Id.*

Counsel is not deficient for not raising every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). To be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness."

*Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064.   This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful.   Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (citations omitted).

## Ineffective Assistance of Counsel

Petitioner divided his ineffective assistance of counsel claim into multiple parts, i.e. grounds for relief.   Specifically, the petitioner argued that counsel was ineffective when: (1) counsel failed to challenge the search and seizure of the petitioner's storage facility and vehicle and the seizure of the petitioner's prison grievance forms filed with prison authorities; (2) counsel failed to object when the court excused a government witness from the rule of sequestration; (3) counsel failed to object to the findings by the probation officer in the Presentence Investigation Report (PSI) which increased his guideline imprisonment range by four levels pursuant to USSG § 3B1.1(a) as an organizer of the criminal activity and increased his guideline imprisonment range by two levels pursuant to USSG § 3C1.1 for reckless endangerment during flight; (4) counsel failed to object on the grounds that the government filed an untimely information concerning enhancement of his sentence based on prior convictions

pursuant to 21 U.S.C. § 851; and, (5) counsel failed to appeal on the grounds that the government failed to notify him of its intent to seek statutory penalties based on his prior felony drug convictions as mandated by the Fifth Amendment and that the district judge, rather than a jury, found that he had prior felony drug convictions in violation of his Sixth Amendment rights.

No aspect of the petitioner's ineffective assistance of counsel claim has merit.

**Search and Seizure**

In the first component of his ineffective assistance of counsel claim, the petitioner argued that counsel failed to challenge the search and seizure of the petitioner's storage facility and vehicle and the use of prison grievance forms he filed with prison authorities.

A review of the record showed that the petitioner's counsel filed a Motion to Suppress any evidence police obtained from the search of the petitioner's vehicle, all evidence seized from a storage facility that police entered using a key found on the petitioner's key chain, and documents seized from the petitioner's inmate grievance file at the East Baton Rouge Parish Prison.[2] Petitioner's Motion to Suppress was denied.[3]   Following his

---

[2] Record document number 74.

[3] Record document number 93.

conviction, the petitioner appealed. *United States v. Dilley*, 480 F.3d 747 (5th Cir.), *cert. denied*, 552 U.S. 858, 128 S.Ct. 139 (2007). On appeal, the petitioner challenged the denial of his motion to suppress evidence found in his storage unit on the grounds that his statement to police did not constitute free and voluntary consent to a search. *Id.* Petitioner's conviction was affirmed. *Id.*

Contrary to the petitioner's argument, counsel did, through the Motion to Suppress, challenge the search and seizure of the storage facility, vehicle and inmate grievance records. Moreover, for the reasons set forth in the court's ruling on the Motion to Suppress, counsel's failure to challenge the vehicle search and the seizure of the inmate grievance file on appeal was not deficient. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

**Sequestration of Witness**

In the second component of his ineffective assistance of counsel claim, the petitioner argued that counsel was ineffective when he failed to appeal on the grounds that the court erred when it excused Resa Odom, Drug Enforcement Administration Task Force Agent, from the rule of sequestration.

Rule 615, Fed.R.Evid., generally controls the sequestration of witnesses. Rule 615 allows the investigative officer in a case to be the government's designated representative to assist the

prosecution at trial, even though the officer will also testify as a government witness at trial. *United States v. Robles-Pantoja*, 887 F.2d 1250 (5th Cir. 1989).

Counsel's decision not to raise this issue on appeal did not fall below an objective standard of reasonableness. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

**Objection to the PSI**

In the third component of his ineffective assistance of counsel claim, the petitioner argued that counsel was ineffective when he failed to object to the findings by the probation officer which increased his guideline imprisonment range by four levels pursuant to USSG § 3B1.1(a) as an organizer of the criminal activity and by two levels pursuant to USSG § 3C1.1 for reckless endangerment during flight.

A review of the Supplemental Addendum to the PSI showed that counsel did object to the two adjustments. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

**Untimely Notice Pursuant to 21 U.S.C. § 851**

In the fourth component of his ineffective assistance of counsel claim, the petitioner argued that counsel was ineffective when he failed to object on the grounds that the government filed

an untimely information seeking enhancement of his sentence based on prior convictions pursuant to 21 U.S.C. § 851.

Section 851 requires that the government file an information with the court before trial in order to take advantage of sentence enhancements for prior convictions.  21 U.S.C. § 851(a)(1).

Counsel's performance was not deficient because the government complied with the statutory prescriptions of 21 U.S.C. § 851(a)(1). The statute requires the government to file an information "before trial, or before entry of a plea of guilty...."  21 U.S.C. 851(a)(1).  Section 851 was enacted to satisfy the due process requirement of notice and opportunity to be heard.  *United States v. Steen*, 55 F.3d 1022, 1027 n. 9 (5th Cir. 1995).  The main purpose of § 851 is to inform the defendant that the government intends to seek a sentencing enhancement.  *United States v. Dodson*, 288 F.3d 153, 159 (5th Cir. 2002).

The government filed its Information on September 17, 2004,[4] a Modified Information on November 18, 2004,[5] and an Amended Information on January 14, 2005.[6]  Trial began on April 4, 2005.[7]

This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

---

[4] Record document number 41.

[5] Record document number 68.

[6] Record document number 89.

[7] Minute Entry, record document 110.

**Statutory Penalties - Prior Drug Convictions**

In the fifth component of his ineffective assistance of counsel claim, the petitioner argued that counsel was ineffective when he failed to appeal on the grounds that the government did not notify him of its intent to seek statutory penalties based on his prior felony drug convictions as mandated by the Fifth Amendment, and in violation of his Sixth Amendment rights the district judge, rather than a jury, found he had prior felony drug convictions.

The gist of the petitioner's argument is that it was unconstitutional to impose an enhanced statutory mandatory minimum sentence based on his prior drug convictions when the convictions were not alleged in the indictment nor found by the jury.

Petitioner's argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219 (1998), in which the Court held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes. *Almendarez-Torres* was reaffirmed by the Supreme Court in *James v. United States*, 550 U.S. 192, 127 S.Ct. 1586 (2007). *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007), *cert. denied,* ___ U.S. ___, 128 S.Ct. 872 (2008).

Counsel's decision not to raise this issue on appeal did not fall below an objective standard of reasonableness. This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

9

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied.

Baton Rouge, Louisiana, December 7, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

10